**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

MARK CRUTCHER
ADC #653146                                                                                          PLAINTIFF

V.                   CASE NO. 1:14-CV-00113 DPM/BD

LANCE BONDS, et al.                                                 DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. To be considered, objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. Also, by not objecting, you may waive your right to appeal questions of fact.

**II.     Background:**

Plaintiff Mark Crutcher is currently incarcerated in the Arkansas Department of Correction ("ADC"). He filed this civil rights case, however, against several jailors and the Sheriff of Stone County, alleging that they violated his constitutional rights while he

was housed in the Stone County Detention Center ("Detention Center").[1] (Docket entry #2) Mr. Crutcher's original complaint was deficient, so the Court ordered him to file an amended complaint. (#4) He timely complied. (#5) In his complaint and amended complaint, he has adequately stated deliberate-indifference claims and conditions-of-confinement claims against all Defendants.

The Defendants moved for summary judgment on April 6, 2015. (#18) The Court notified Mr. Crutcher that he could oppose that motion. (#21) Mr. Crutcher has not filed a response to the Defendants' motion or to the their Statement of Undisputed Facts, and the time for responding has passed. Therefore, the Court will assume that the facts stated in the Defendants' statement of facts are true.

Based on the undisputed evidence in the record, the Court will recommend that the Defendants' motion for summary judgment (#18) be GRANTED and that Mr. Crutcher's claims be DISMISSED, with prejudice.[2]

---

[1] Mr. Crutcher was incarcerated for a parole violation. (#2 at p.3) Thus, he had been convicted, paroled, and re-incarcerated at the time the events giving rise to this lawsuit occurred. Because "his original conviction is the authority under which he was confined after his parole violation," his claims must be analyzed under the Eighth Amendment. *Washington v. Byrd*, 2012 WL 925148 (E.D. Ark. March 16, 2012) (internal citation omitted); see also *Moore v. Shock*, 2014 WL 5474613 (E.D. Ark. Oct. 29, 2014).

[2] In their motion, the Defendants argue that they are entitled to qualified immunity. Because the Defendants' motion for summary judgment should be granted on the merits, the Court will not address the Defendants' qualified-immunity argument in this Recommendation.

**III.  Discussion:**

   A.  Standard

In a summary judgment, the court rules in favor of a party before trial. A party is entitled to summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

Here, because Defendants have moved for summary judgment, they bear the burden of coming forward with evidence that there is no real dispute about the facts that will determine how the case is decided. They have met this burden, so Mr. Crutcher was obligated to produce evidence contradicting Defendants' evidence to avoid summary judgment. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

   B.  Background

In June 2014, Mr. Crutcher was booked into the Detention Center for a parole violation. (#20-2 at p.1) He remained housed at the Detention Center until August of 2014, when he was transferred to the ADC. (#20-6 at p.12)

In his complaint and amended complaint, Mr. Crutcher complains that while he was at the Detention Center, he was not provided his prescription seizure medication. He

alleges that he requested medication from Defendants McCoy, Cook, and Branscum, but they ignored his requests.

In addition, Mr. Crutcher alleges that even after a physician contacted the Detention Center explaining that Mr. Crutcher needed back surgery, his medical needs were never addressed. He further alleges that, although he wrote multiple grievances requesting medical treatment, he never received a response. He states that Defendant Bonds told him that he "would take care of it," but that medical treatment was never provided. (#5 at p.2) He claims that as a result of this deliberate indifference, his back has healed in a "deformed condition" that causes significant pain. (#5 at p.3)

Mr. Crutcher also complains about various conditions at the Detention Center: he was not provided recreation time for over two months; he was not exposed to sunlight for over two months; the Detention Center lacked "TB" lights; and uncovered meals were allowed to remain in the hallway for up to forty-five minutes before inmates were served.

C. Official Capacity Claims

In his complaints, Mr. Crutcher names the Defendants in both their individual and official capacities. The Defendants are all employees of Stone County, Arkansas, so claims against the Defendants in their official capacities are, in effect, claims against Stone County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments are not liable under § 1983 for injuries inflicted solely by their employees or agents. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). Rather, a

county is liable for the acts of its employee only when the employee is carrying out a county policy or custom. *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009).[3]

Here, Mr. Crutcher has not alleged that he was injured as the result of any Stone County policy or custom. Accordingly, his claims against the Defendants in their official capacity should be dismissed.

D.   Deliberate Indifference - Inadequate Medical Care

Two prongs determine whether an official was deliberately indifferent to an inmate's medical needs– one is objective; the other is subjective. *Scott v. Benson*, 742 F.3d 335, 339–40 (8th Cir. 2014). Because Defendants do not dispute that Mr. Crutcher suffered from a serious medical need, only the subjective prong of the deliberate-indifference standard remains at issue.

For the Defendants to be liable, Mr. Crutcher must show that the they "actually knew of but deliberately disregarded" his need for medical attention. *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). This means "more than negligence, more even than gross negligence." *Fourte*, 746 F.3d at 387 (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096

---

[3] For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id*. at 902-903.

(8th Cir. 2000)). The Defendants' conduct must be "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

Defendants attach to their motion for summary judgment the affidavit of Brenda Branscum, the Jail Administrator at the Detention Center. (#20-1) Ms. Branscum testifies that Mr. Crutcher failed to submit any medical request form or grievance regarding his alleged need for prescription seizure medication. (*Id*. at p.2) In addition, Ms. Branscum testifies that Mr. Crutcher failed to submit any request or grievance regarding a need for surgical treatment. (*Id*.) Finally, she states that Mr. Crutcher failed to submit any request or grievance regarding the failure of Defendants McCoy, West, or Branscum to provide medication when Mr. Branscum specifically requested it. (*Id*.)

Defendants also attach portions of Mr. Crutcher's detainee file, including his intake papers. (#20-2) Mr. Crutcher's Medical Intake Form indicates that he did not tell officers that he suffered from "Epilepsy/Siezures[sic]/Tremors" when he was booked into the Detention Center. (*Id*. at p.3) In addition, these papers indicate that Mr. Crutcher's only prescription medications were for heartburn and migraine headaches. (*Id*. at p.4)

Based on a review of the medical records attached to the Defendants' Statement of Facts, Mr. Crutcher was specifically evaluated by medical personnel for back pain while he was housed at the Detention Center. (#20-5 at pp.1-2)

Finally, Defendants provide Mr. Crutcher's medical records from his incarceration at the ADC. (#20-6) On September 2, 2014, infirmary notes indicate that Mr. Crutcher was to be referred to a provider for epilepsy and seizure disorders. (#20-6 at p.11) On August 30, 2014, September 18, 2014, and October 6, 2014, Mr. Crutcher told medical personnel that he was supposed to have back surgery before he got "locked up." (#20-6 at pp.8, 10, 12) In addition, during his encounter with infirmary personnel on September 18, 2014, Mr. Crutcher stated that he had injured his back during a seizure. (*Id*. at p.10) Based on the ADC medical records provided by Defendants, Mr. Crutcher did not request prescription seizure medication; nor has he been scheduled for any surgical treatment to address back pain.

Based on this undisputed evidence, the Court concludes that Mr. Crutcher should not be permitted to proceed on his deliberate-indifference claims against any of the Defendants. He has failed to offer any evidence that any one of the Defendants was aware of his need of medical treatment, but failed to respond. Defendants are entitled to judgment as a matter of law on Mr. Crutcher's deliberate-indifference claims.

E.   Conditions-of-Confinement

To establish that conditions of confinement violate the Eighth Amendment, a prisoner must show that the deprivation was, "objectively, sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities." He must also show that prison officials were deliberately indifferent to "an excessive risk to

inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). That said, "[a]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Id*. at 838.

Mr. Crutcher alleges that, during his incarceration at the Detention Center, he did not have access to sunlight or fresh air, and that his cell windows were covered with sheet-metal. In addition, he complains: there were no lights to prevent tuberculosis in the Detention Center; he was not afforded recreation time while he was housed at the Detention Center; and uncovered food was allowed to remain in the hallway for up to forty-five minutes before inmates were served. These claims fail for several reasons.

First, Mr. Crutcher does not allege that any one of the Defendants was personally responsible for the conditions of his confinement while housed at the Detention Center. He does not allege that he notified any of the Defendants that his conditions were not satisfactory; nor did he submit any grievances regarding those conditions. Because there is no indication the Defendants knew that conditions at the Detention Center posed a risk of harm to Mr. Crutcher, they are entitled to judgment as a matter of law on these claims. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")

Second, according to the affidavit of Brenda Branscum, the Jail Administrator, the Detention Center has an outdoor recreation area and inmates may use the area once each

day "[w]eather [] and staff permitting." (#20-1 at p.4) In addition, the Detention Center has a recreation room inside the pod where inmates are allowed to exercise. (*Id*.) Mr. Crutcher alleges that he was not provided any outdoor recreation time while housed at the Detention Center, but according to the papers offered in support of the Defendants' motion, on August 20, 2014, Mr. Crutcher was observed collecting cigarette butts in the outdoor recreation area. (#20-2 at p.9)

Ms. Branscum also testifies that there are windows in each inmate's cell. (#20-1 at p.4) She admits that the windows are covered with steel plates for security purposes, but states that some sunlight still enters the cells through the small holes located in the plates. (*Id*.) In addition, windows located in the hallways allow sunlight to filter into the pods. (*Id*. at pp.4-5) Ms. Branscum further testifies that there are TB lights located in the booking area of the Detention Center. (*Id*. at p. 4)

Finally, Ms. Branscum testifies that a designated ADC inmate prepares meals at the Detention Center. (*Id*. at p.5) After the food is prepared, the inmate rolls the food-cart to the end of the hallway and distributes the meals to the various pods. (*Id*.) Inmates are served three meals a day consisting of at least 2300 calories each day. (*Id*.)

Mr. Crutcher has not come forward with any evidence that the Defendants were aware that his conditions of confinement posed any risk to his health and safety or that he was denied "the minimal civilized measure of life's necessities." Furthermore, Mr. Crutcher has not come forward with any evidence rebutting Ms. Branscum's testimony.

As a result, he has failed to create a genuine issue of material fact on this issue, and Defendants are entitled to judgment as a matter of law.

## IV.     Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#18) be GRANTED.  Mr. Crutcher's claims should be DISMISSED, with prejudice.

DATED this 27th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE